Patterson *v.* O'Hara.

---

### WILLIAM PATTERSON *v.* JAMES O'HARA.

In an action, brought upon a lease for seven years, to recover a balance alleged to have remained unpaid for the first year; it was *held*, that the tenant's production of a receipt in full for the rent of each quarter of the subsequent years, was presumptive evidence that all previous rent had been paid, although receipts for the four quarters of the first year were given for less sums respectively than must have accrued by the terms of the lease, and although two of them contained the words, "for rent," and two the words, "on account."

Parol proof that the rent for the first year, under a written lease, was fixed by the parties at a different rent from that therein stated, is inadmissible.

Patterson v. O'Hara.

APPEAL by the plaintiff from a judgment of the Third District Court, in favor of the defendant. The opinion gives the facts.

*William C. Carpenter*, for the appellant.

*David E. Wheeler*, for the respondent.

BY THE COURT. INGRAHAM, FIRST J.—Action for rent; balance claimed, $20, remaining unpaid on the first year's rent, under a lease for seven years. This year expired May, 1849. Since then the full rent has been regularly paid each quarter, as it became due. The lease fixes the rent each year at $220.

The justice admitted testimony of a conversation between the parties before the lease was signed, that the rent for the first year was to be only $200.

In this he clearly erred. No parol testimony of any portion of the agreement, before it is reduced to writing, can be given, to alter the contract after it is reduced to writing.

This error is fatal to the judgment, unless it is apparent, without the objectionable testimony, that the same judgment must be rendered. I think no other result can be arrived at in this case.

The cause was tried merely upon written evidence, excepting the testimony above referred to. Such evidence was the lease and receipts for the rent as it became due, down to the time of trial. Since May, 1849, the receipts are all for $55 each quarter as the rent became due, and purport to be in full. It was unnecessary to produce previous receipts. The law presumes previous rent paid, when the landlord gives receipts for subsequently accruing rent in full, unless the landlord makes it appear that such previous rent remains unpaid. The receipts called for by the plaintiff and produced by the defendant, of the rent before May, 1849, do not show that fact. Two of them appeared to be on account of rent, and the other two are said to be *for* rent. These receipts do not

rebut the presumption arising from the subsequent receipts, that the former rent has been paid. It may have been paid before or afterwards.

The receipt for the rent due 1st August, 1849, purports to be in full for rent up to that date.

This, of itself, is an acknowledgment that the rent was paid to that date, and there is no evidence to sustain the contrary.

Although the justice erred in admitting the parol proof, still, I think, no other judgment could have been rendered on the rest of the testimony.

Judgment affirmed.